# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

| | |
|---|---|
| ROBIN DRESS, Individually and for Others Similarly Situated | Case No. 4:24cv973-JM |
| v. | Complaint – Class Action Collective Action Pursuant to 29 U.S.C. § 216(b) |
| RELIANCE HEALTH CARE, INC. | |

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 12 2024

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Robin Dress (Dress) brings this class and collective action to recover unpaid overtime and other damages from Defendant Reliance Health Care, Inc. (Reliance).

2.      Dress worked for Reliance as an LPN in Springdale, Arkansas.

3.      Like the Putative Class Members (as defined below), Dress regularly worked more than 40 hours in a week.

4.      But Reliance did not pay for all the hours they worked.

5.      Instead, Reliance automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6.      Dress and the Putative Class Members were thus not paid for that time.

7.      But Reliance fails to provide Dress and the Putative Class Members with *bona fide* meal breaks.

8.      Instead, Reliance requires Dress and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

9.      Reliance's auto-deduction policy violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. §§ 11-4-201, *et*

This case assigned to District Judge _Moody_
and to Magistrate Judge _Harris_

*seq.*, by depriving Dress and the Putative Class Members of overtime pay for all overtime hours worked.

10.     The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Arkansas Minimum Wage Act claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23.

## JURISDICTION & VENUE

11.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12.     This Court has general personal jurisdiction over Reliance because it is located in Little Rock, Arkansas.

13.     The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

14.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant maintains its headquarters in this District and Division.

## PARTIES

15.     Dress worked for Reliance as an LPN in Springdale, Arkansas, from approximately June 2022 until May 2023.

16.     Throughout her employment, Reliance classified Dress as non-exempt and paid her on an hourly basis.

17.     But Reliance subjected Dress to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

18.     Dress's written consent is attached as **Exhibit 1**.

19.     Dress brings this action on behalf of herself and other similarly situated hourly, non-exempt Reliance employees who were subject to Reliance's automatic meal break deduction policy.

2

20.     Reliance uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

21.     The FLSA collective of similarly situated employees is defined as:

> **All hourly, non-exempt Reliance employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Collective").**

22.     Second, Dress represents a class of similarly situated hourly non-exempt workers under the Arkansas Minimum Wage Act pursuant to Federal Rule of Civil Procedure 23.

23.     The Arkansas Minimum Wage Act Class is defined as:

> **All hourly, non-exempt Reliance employees who received an automatic meal period deduction at any time during the past 2 years in Arkansas ("Arkansas Class").**

24.     Collectively, the FLSA Collective and Arkansas Class is defined as the Putative Class or Putative Class Members.

25.     Reliance is a maintains its headquarters in Reliance, Arkansas.

26.     Reliance may be served with process by serving its registered agent: **Brandon Adams, 824 Salem Rd., Ste. 210, Conway, AR 72034**.

### COVERAGE UNDER THE FLSA

27.     At all relevant times, Reliance was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28.     At all relevant times, Reliance, as an institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

29.     At all relevant times, Reliance was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as

computers, cellphones, and personal protective equipment – that have been moved in or produced for commerce.

30.    At all relevant times, Reliance has had an annual gross volume of sales made or business done of not less than $500,000 each year.

31.    At all relevant times, Dress and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

32.    Reliance uniformly deducted 30 minutes/shift from Dress and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

33.    As a result, Reliance failed to pay Dress and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

34.    Reliance's automatic meal break deduction policy, which deprives Dress and the Putative Class Members of overtime compensation for the weeks in which these workers work over 40 hours, is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

35.    Reliance owns and operates short-term rehabilitation and skilled nursing facilities throughout Arkansas and Missouri.

36.    To complete its business objectives, Reliance employs patient care workers, including Dress and the Putative Class Members, to provide patient care services and treat patients in its facility.

37.    Reliance classifies these employees as non-exempt from overtime and pays them on an hourly basis.

38.    While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

4

39.     For example, Dress worked for Reliance as an LPN from approximately June 2022 until May 2023.

40.     As an LPN, Dress's primary responsibilities included providing healthcare services, facilitating patient care, and responding to patient emergencies.

41.     Throughout her employment, Reliance classified Dress as non-exempt and paid her on an hourly basis.

42.     Reliance agreed to pay Dress approximately $32.00 an hour for her first 40 hours worked plus overtime for her hours worked over 40 in a workweek.

43.     Throughout her employment, Reliance subjected Dress to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

44.     Dress and the Putative Class Members performed their jobs under Reliance's supervision, and using materials, equipment, and technology approved and supplied by Reliance.

45.     Reliance requires Dress and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

46.     At the end of each pay period, Dress and the Putative Class Members received wages from Reliance that were determined by common systems and methods that Reliance selected and controlled.

47.     Further, Reliance subjects its hourly, non-exempt employees, including Dress and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

48.     Specifically, Reliance automatically deducts 30 minutes from Dress, and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

49.     But Reliance fails to provide Dress and the Putative Class Members with *bona fide* meal periods.

50.     Instead, Reliance requires Dress and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

51.     This unpaid time is compensable under the FLSA and the Arkansas Minimum Wage Act, because Reliance knew, or should have known, that (1) Dress and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

52.     Reliance failed to exercise its duty to ensure Dress and the Putative Class Members were not performing work that Reliance did not want performed during their unpaid "meal breaks."

53.     Despite accepting the benefits, Reliance did not pay Dress and the Putative Class Members for the compensable work they performed during their "meal breaks."

54.     Thus, under Reliance's uniform automatic meal break deduction policy, Dress and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA and the Arkansas Minimum Wage Act.

55.     Reliance knows Dress and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Reliance expects and requires these employees to do so.

6

56.     But Reliance does not pay Dress and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

57.     Dress worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

58.     Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

59.     Indeed, Reliance typically schedules Dress to work 12-hour shifts for 4 days a week.

60.     Reliance typically schedules Putative Class Members to work 12-hour shifts for 4 days a week.

61.     And Dress and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and patient care responsibilities.

62.     As a result, Dress and the Putative Class Members work in excess of 40 hours in a typical workweek.

63.     When Dress and the Putative Class Members worked more than 40 hours in a workweek, Reliance did not pay them 1.5 times their regular hourly rate for all overtime hours worked due to Reliance's failure to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

64.     Reliance knew, or should have known, it was subject to the FLSA and the Arkansas Minimum Wage Act, including its overtime provisions.

65.     Reliance knew, or should have known, the FLSA and the Arkansas Minimum Wage Act, requires it to pay employees, including Dress and the Putative Class Members, overtime at rates

not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

66.     Reliance knew, or should have known, Dress and the Putative Class Members worked more than 40 hours in a week.

67.     Reliance knew, or should have known, Dress and the Putative Class Members regularly worked during their unpaid meal breaks because Reliance expected and required them to do so.

68.     Reliance knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA and the Arkansas Minimum Wage Act.

69.     Reliance knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Dress and the Putative Class Members of overtime compensation in violation of the FLSA and the Arkansas Minimum Wage Act.

70.     Nonetheless, Reliance failed to pay Dress and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

71.     Reliance's failure to pay overtime compensation to Dress and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

## CAUSES OF ACTION
### VIOLATIONS OF THE FLSA

72.     Dress realleges and incorporates all other paragraphs by reference.

73.     Dress brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

74.     Reliance violated, and is violating, the FLSA by failing to pay Dress and the Putative Class Members overtime for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

8

75.    Throughout the relevant period, Reliance expected and required Dress and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks and outside of their scheduled shifts.

76.    Dress and the Putative Class Members have been harmed as a direct and proximate result of Reliance's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Reliance derived a direct and substantial benefit.

77.    Reliance knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Dress and the Putative Class Members overtime compensation.

78.    Reliance's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

79.    Accordingly, Dress and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## VIOLATIONS OF THE ARKANSAS MINIMUM WAGE ACT

80.    All of the preceding paragraphs are realleged herein.

81.    Dress and the Arkansas Rule 23 Class Members were employed by Reliance.

82.    During all relevant times, Reliance was an "employer" pursuant to the AMWA, and Plaintiff and the Arkansas Class are "employee[s]" of Reliance within the meaning of the AMWA, Ark. Code Ann. §§ 11-4-203.

83.    Dress and the Arkansas Class are not exempt from the wage payment requirements of the AMWA.

84.    Reliance's failure to pay for missed, non-taken, or uninterrupted non-*bona fide* meal breaks resulted in Reliance's failure to pay its employees all overtime owed in violation of the AMWA. Ark. Code Ann. §§ 11-4-211.

85.    For these reasons, Dress and the Arkansas Class are entitled to their unpaid wages, liquidated damages, and attorneys' fees and costs, pursuant to AMWA.

## CLASS AND COLLECTIVE ALLEGATIONS

86.    Dress brings her claims as a class and collective action under the FLSA and the Arkansas Minimum Wage Act.

87.    The Putative Class Members were victimized by Reliance's pattern, practice, and/or policy which is in willful violation of the FLSA and the Arkansas Minimum Wage Act.

88.    Other Putative Class Members worked with Dress and indicated they were paid in the same manner, performed similar work, and were subject to Reliance's same automatic meal break deduction policy.

89.    Based on her experiences with Reliance, Dress is aware Reliance's illegal practices were imposed on the Putative Class Members.

90.    The Putative Class Members are similarly situated in all relevant respects.

91.    Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

92.    Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

93.    Rather, the class is held together by Reliance's uniform automatic meal break deduction policy that systematically deprived Dress and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek.

94.     The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

95.     The overtime owed to Dress, and the Putative Class Members will be calculated using the same records and using the same formula.

96.     Dress's experiences are therefore typical of the experiences of the Putative Class Members.

97.     Dress has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

98.     Like each Putative Class Member, Dress has an interest in obtaining the unpaid overtime wages owed under federal law.

99.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

100.    Absent a class and collective action, many Putative Class Members will not obtain redress for their injuries and Reliance will reap the unjust benefits of violating the FLSA and the Arkansas Minimum Wage Act.

101.    Further, even if some of the Putative Class Members could afford individual litigation against Reliance, it would be unduly burdensome to the judicial system.

102.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

103.    The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

104.    Among the common questions of law and fact are:

   a.     Whether Reliance engaged in a policy and practice of automatic time
          deductions for meal periods that were not *bona fide*, continuous, and

11

uninterrupted in violation of the FLSA and Arkansas Minimum Wage Act;

b.      Whether Reliance's automatic meal break deduction policy deprived Dress and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and Arkansas Minimum Wage Act;

c.      Whether Reliance failed to pay Dress and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA and Arkansas Minimum Wage Act;

d.      Whether Reliance knew, or had reason to know, Dress and the Putative Class Members were requested, suffered, permitted, or allowed to during their unpaid meal breaks in violation of the FLSA and Arkansas Minimum Wage Act; and

e.      Whether Reliance's violations of the FLSA were willful.

105.    Dress and the Putative Class Members sustained damages arising out of Reliance's illegal and uniform employment policy.

106.    Dress knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

107.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Reliance's records, and there is no detraction from the common nucleus of liability facts.

108.    Therefore, the issue of damages does not preclude class or collective treatment.

109.    Reliance is liable under the FLSA and Arkansas Minimum Wage Act for failing to pay overtime to Dress and the Putative Class Members.

110.    Consistent with Reliance's illegal automatic meal break deduction policy, Dress and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

111.    As part of their regular business practices, Reliance intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and Arkansas Minimum Wage Act with respect to Dress and the Putative Class Members.

112.    Reliance's illegal automatic meal break deduction policy deprived Dress and the Putative Class Members of the premium overtime wages they are owed under federal law.

113.    Reliance is aware, or should have been aware, that the FLSA and Arkansas Minimum Wage Act require it to pay Dress and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

114.    There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA and Arkansas Minimum Wage Act who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

115.    This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

116.    Those similarly situated employees are known to Reliance, are readily identifiable, and can be located through Reliance's records.

**JURY DEMAND**

117.    Dress demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Dress, individually and on behalf of the Putative Class Members, seeks the following relief:

a.    An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.    In accordance with Rule 23 of the Federal Rules of Civil Procedure, designation of this action as an Arkansas Minimum Wage Act class action on behalf of Dress and all members of the Arkansas Class;

c.    Ordering Reliance to disclose in computer format, or in print if no computer readable format is available, the names, addresses and emails of all those individuals who are similarly situated and permitting Dress to send notice of this action to all those similarly situated individuals;

d.    Designating the named Dress to act as class representative on behalf of all similarly situated employees for both the FLSA Collective and the Arkansas Class;

e.    Judgment against Reliance for its failure to pay Dress, those similarly situated and all those appropriately joined to this matter in accordance with the standards set forth by the FLSA;

f.    Judgment against Reliance for its failure to pay Dress, the members of the Arkansas Class and all those appropriately joined to this matter in accordance with the standards set forth by Arkansas Minimum Wage Act;

14

g.  Judgment against Reliance and classifying its conduct as willful and not in good faith;

h.  An award against Reliance for the amount of unpaid overtime wages owed to Dress, members of the FLSA Collective, members of the Arkansas Class, and all those appropriately joined to this matter calculated at a rate that is not less than one and a half (1.5) times Dress's and other class members' respective regular hourly rate for all overtime hours worked;

i.  An award of liquidated damages equal to, or double, the total amounts of unpaid wages owed to Dress, members of the FLSA Collective, members of the classes, and all those appropriately joined to this matter, whichever is deemed just and equitable by this Honorable Court;

j.  An Order pursuant to Section 16(b) of the FLSA finding Reliance liable for unpaid back wages due to Dress and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

k.  Judgment awarding Dress and the Putative Class Members all unpaid overtime and other damages available under the FLSA and the Arkansas Minimum Wage Act;

l.  An Order awarding attorneys' fees, costs, and expenses;

m.  Pre- and post-judgment interest at the highest applicable rates; and

n.  Such other and further relief as may be necessary and appropriate.

Date: November 8, 2024.                     Respectfully submitted,

                                            FITZ LAW PLLC

                                            By: */s/ Carl A. Fitz*
                                                **Carl A. Fitz**
                                                Tex. State Bar No. 24105863
                                            3730 Kirby Drive, Ste. 1200
                                            Houston, Texas 77098
                                            Tel: (713) 766-4000
                                            carl@fitz.legal

                                            **and**

                                            s/Melinda Arbuckle
                                            Melinda Arbuckle (admission pending)
                                            Texas State Bar No. 24080773
                                            **marbuckle@wageandhourfirm.com**
                                            Ricardo J. Prieto (admission pending)
                                            Texas State Bar No. 24062947
                                            **rprieto@wageandhourfirm.com**
                                            **Wage and Hour Firm**
                                            5050 Quorum Drive, Suite 700
                                            Dallas, TX 75254
                                            (214) 489-7653 – Telephone
                                            (469) 319-0317 – Facsimile

                                            **Attorneys for Plaintiff and Putative Class
                                            and Collective Action Members**

## FAIR LABOR STANDARDS ACT CONSENT

Print Name: __Robin Dress_____

1. I hereby consent to make a claim against The Maples at Harbor View to pursue my claims of unpaid wages during the time that I worked with the company.

2. I designate the law firm and attorneys at FITZ LAW PLLC and WAGE AND HOUR FIRM as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3. I authorize the law firm and attorneys at FITZ LAW PLLC and WAGE AND HOUR FIRM to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against The Maples at Harbor View.

4. I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: _Robin Dress (Nov 4, 2024 11:16 CST)_____    Date Signed: __11/04/24_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**EXHIBIT 1**