**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ROBIN DRESS, Individually and o/b/o others similarly situated** **PLAINTIFF**

**v.** **NO. 4:24-cv-973-JM**

**RELIANCE HEALTH CARE, INC.** **DEFENDANT**

ORDER

Pending is Defendant's motion to dismiss this action for failure to join a required party pursuant to Rule 12(b)(7). (Doc. No. 6). Plaintiff has responded. For the reasons stated below, this motion is denied.

Background

Plaintiff Robin Dress filed this putative collective action alleging violations of the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA) as well as breach of contract. In her First Amended Complaint (FAC) (Doc. No. 3), Plaintiff alleges that her former employer Reliance Health Care, Inc. (Reliance) improperly deducted a "hypothetical meal period" of thirty-minutes a day from her total working time even though Reliance frequently required her to work through these meal periods. She claims loss of overtime compensation as well as straight-time compensation.

Reliance responded with a 12(b)(7) motion asserting that it was not Plaintiff's employer, and Plaintiff should be ordered to add NWA Nursing Center, LLC d/b/a The Maples at Har-Ber Meadows (Har-Ber), who it argues was Plaintiff's employer, as a required defendant. Reliance states that it was the administrative services provider for Har-Ber. Reliance further states that it provided Plaintiff's counsel with what it considers "more than sufficient proof" of this prior to being served with the original complaint. (Doc. No. 7, p. 1). Though it asserts that it is not a

proper party, Reliance specifically does not seek its own dismissal from the lawsuit at this point. Rather it seeks to have Har-Ber added.

Analysis

"Federal Rule of Civil Procedure 12(b)(7) permits dismissal of a complaint for failure to join a party under Rule 19, although courts are generally reluctant to grant motions to dismiss of this type." *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 671 (8th Cir. 2015) (internal quotations and citations omitted). Courts are to accept as true all the well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party. *Shields v. Spencer Wilkinson, Jr.*, No. 4:12-CV-160, 2013 WL 11320222, at *2 (D.N.D. Nov. 26, 2013), *aff'd sub nom. Two Shields v. Wilkinson*, 790 F.3d 791 (8th Cir. 2015) (citing 5C Wright & Miller, *Federal Practice and Procedure* § 1359 (3d ed. 2004)). In a motion to dismiss for failure to join a necessary party, the Court can consider materials presented that are outside of the pleadings. *See* Fed. R. Civ. P. 19(d).

Pursuant to Rule 19(a)(1), a party who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if at least one of these two conditions are met: (1) "the court cannot accord complete relief among existing parties" in that party's absence; or (2) if disposing of the action without that person "may as a practical matter impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19. Reliance bears the burden of proving whether either of these two conditions has been established. "The focus is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *LLC Corp. v. Pension Ben. Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983) (citation omitted).

In its motion, Reliance argues that Har-Ber is (and was) the owner, license holder, and operator of the nursing home facility where Plaintiff worked, and John McPherson is the administrator of Har-Ber. It submits exhibits to this effect. Reliance identifies itself as an administrative services provider for Har-Ber. It argues that the FLSA only allows lawsuits against an employer, and that it does not have an employer-employee relationship with Plaintiff. Reliance further argues that Har-Ber is "undeniably the responsible party." (Doc. No. 7, p. 5). Though it denies being an employer, Reliance cites to *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223 (3d Cir. 2023) for the proposition that all persons having a community of interest in claims, such as joint owners or joint contractors, should be made parties. That case did not involve the FLSA and the issues raised by having more than one statutory employer.

As to the first condition, the FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). Under the AMWA an employer is similarly defined "as individuals and specified business entities, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee. *Ghess v. Kaid*, No. 2:19-CV-00021 KGB, 2020 WL 7010383, at *8 (E.D. Ark. Nov. 27, 2020) (citing Ark. Code Ann. § 11-4-203(4)(A)). Federal interpretations of the FLSA can also be used to analyze Plaintiff's AMWA claim.[1] It is well established that "[t]e FLSA contemplates several simultaneous employers, each responsible for compliance with the Act." *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir.1998) (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973)); *see also Harris v. Georgia-Pac. Wood Prods., LLC*, No.

[1] *See Karlson v. Action Process Serv. & Priv. Investigations, LLC*, 860 F.3d 1089, 1092, fn.3 (8th Cir. 2017) ("The Arkansas Administrative Code provides that the Department of Labor 'may rely on ... federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of [the AMWA] ... except to the extent a different interpretation is clearly required.' § 010.14.1-112."). No difference has been raised by the parties.

6:19-CV-06001-RTD, 2019 WL 13328597, at *7 (W.D. Ark. Apr. 11, 2019). If Reliance establishes that it is not a statutory "employer" under the economic reality test utilized in this circuit,[2] the case against it will be dismissed with prejudice. If Plaintiff establishes that Reliance does qualify as her employer, even one of her employers, she may recover for her all of her proven damages from Reliance. The Court finds that complete relief may be accorded to the current parties in this action without requiring that Har-Ber be added as a defendant.

The Court next looks to the second condition. Here, Reliance must establish that Har-Ber "claims an interest relating to the subject of the action and is so situated" that proceeding with it will impair its ability to protect its interest or otherwise leave Reliance "subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations" because of Har-Ber's interest. *See* Rule 19(a)(1)((B). Reliance argues that Har-Ber and its administrator have "a unique interest" in defending the allegations of the complaint. It also argues that as Plaintiff's employer, Har-Ber "has a clear interest relating to the subject of this lawsuit" and has the right to protect its interest in its business practices. Reliance argues that only Har-Ber can defend these allegations and protect its interests and to allow it, a third-party administrator to "run the defense" would impair Har-Ber's ability to protect its interests.

To date, the record does not reflect that Har-Ber has claimed an interest in this action. If Plaintiff later decides to bring an action against Har-Ber for FLSA violations, it will be able to defend itself without regard to the outcome of the case against Reliance. In her response, Plaintiff argues as if Har-Ber may be a statutory employer as well as Reliance. If so, that does not require that Har-Ber be named in this case. "It has long been the rule that it is not necessary

[2] *See Powell v. Kloss*, No. 6:20-CV-6145, 2024 WL 926962, at *3 (W.D. Ark. Mar. 4, 2024) ("The Eighth Circuit has not affirmatively adopted this approach, but it has presumed for purposes of review that it is the appropriate manner of determining employment status.") (citing *Walsh v. Alpha & Omena USA, Inc.*, 39 F.4th 1078, 1082 (8th Cir. 2022)).

for all joint tortfeasors to be named as defendants in a single lawsuit. . . . The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S. Ct. 315, 316, 112 L. Ed. 2d 263 (1990) (internal citations omitted). Specifically regarding FLSA cases, courts have generally held that "an unnamed co-employer is not a necessary party who should be joined under Rule 19(a)." *Arwine-Lucas v. Caesars Enters. Servs., LLC*, No. 4:17-CV-00451-HFS, 2019 WL 4296496, at *3 (W.D. Mo. Feb. 25, 2019) (quoting *Iraheta v. Lam Yuen, LLC*, 2012 WL 5995689 (D. Md.); *see also Abuladze v. Apple Commuter Inc.*, No. 22 CIV. 8684 (GHW) (RFT), 2024 WL 1073121, at *7–8 (S.D.N.Y. Jan. 23, 2024); *Nevarez v. DynaCom Mgmt., LLC*, No. 23 CV 5248, 2024 WL 1579393, at *7–8 (N.D. Ill. Apr. 11, 2024); *Nor v. Alrashid*, No. 20 C 7470, 2022 WL 815542, at *4–5 (N.D. Ill. Mar. 17, 2022).

As to Plaintiff's separate claim for breach of contract, Reliance argues that it did not enter a contract with her as she alleges. The portion of the team member handbook submitted by Reliance suggests that Plaintiff entered into an "employment relationship" with Har-Ber, but contains a specific acknowledgement signed by Plaintiff that the "handbook is not a contract of employment" and does not grant her any legal rights. (Doc. 75-5). If Plaintiff is unable to prove that she had a contract with Reliance, written or otherwise, the claim against it will be dismissed with prejudice. If she is able to establish the existence of a contract with Reliance, she will be able to recover under the terms of the contract. Thus, complete relief can be afforded to the current parties. Again, Har-Ber has not claimed any interest in the alleged contract.[3] Reliance further does not argue that the absence of Har-Ber as a defendant could expose it to "double,

[3] Though Reliance states that "Har-Ber is ready, willing, and able to defend Plaintiff's baseless claims." (Doc. No. 3, p. 3).

multiple, or otherwise inconsistent obligations." Instead it argues that it has no obligations. Har-Ber is not a required party to Plaintiff's breach of contract claim.

The Court finds that Har-Ber is not a required or indispensable party to any of Plaintiff's claims under Rule 19. Therefore, as master of her complaint, Plaintiff cannot be forced to sue a party that she does not want to sue.

Conclusion

Defendant's motion to dismiss pursuant to Rule 12(b)(7) is DENIED.

IT IS SO ORDERED this 22nd day of October, 2025.

UNITED STATES DISTRICT JUDGE